Patrick A. Fraioli (SBN 191824)
  pfraioli@ecjlaw.com
Russell M. Selmont (SBN 252522)
  rselmont@ecjlaw.com
Jennifer L. Newman (SBN 266681)
  jnewman@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile: (310) 859-2325

Wendy E. Giberti (SBN 268933)
 wgiberti@igeneralcounsel.com
iGeneral Counsel P.C.
P.O. Box 3054
Manhattan Beach, CA 90266
Telephone: (424) 212-8718
Facsimile: (310) 280-4951

Attorneys for Defendant and Counter-Claimant, Internet Brands, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ran Decisions, Inc., a Colorado corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Internet Brands, Inc., a Delaware Corporation; and DOES 1 to 10, Inclusive,<br><br>    Defendant. | CASE NO. 2:10-CV-05091-GHK-PJW<br><br>**INTERNET BRANDS, INC.'S FIRST AMENDED COUNTERCLAIMS AGAINST RAN DECISIONS, INC.**<br><br>[DEMAND FOR JURY TRIAL] |
| Internet Brands, Inc., a Delaware Corporation; and DOES 1 to 10, Inclusive,<br><br>    Counter-Claimants,<br><br>v.<br><br>Ran Decisions, Inc., a Colorado corporation,<br><br>    Counter-Defendant. | |

TO THE HONORABLE GEORGE H. KING, JUDGE OF THE UNITED STATES DISTRICT COURT, THE PLAINTIFFS AND TO ALL OTHER INTERESTED PARTIES:

COMES NOW defendant, Internet Brands, Inc. ("Internet Brands" or "Defendant"), and for its First Amended Counterclaims against Ran Decisions, Inc., a Colorado corporation, ("Plaintiff" or "Counter-Defendant") hereby alleges as follows:

### FIRST AMENDED COUNTERCLAIMS

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, as this matter is between citizens of different States and involves an amount in controversy in excess of $75,000.00.

2. This Court has personal jurisdiction over Counter-Defendant as they have purposefully availed themselves of the benefits and laws of this jurisdiction, including by filing the instant action.

3. Additionally, the parties have stipulated to the jurisdiction of the United States District Court for the Central District of California.

### VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (c).

5. Additionally, the parties have stipulated to venue in the United States District Court for the Central District of California.

### THE PARTIES

6. Internet Brands is a Delaware corporation having its principal place of business at 909 Sepulveda Boulevard, 11th Floor, El Segundo, California 90245.

7. Counter-defendant, Ran Decisions, Inc., asserts in its Complaint that it is a Colorado corporation.

////

////

## FACTS GIVING RISE TO FIRST AMENDED COUNTERCLAIMS

8. On or about February 6, 2007, Internet Brands and Counter-Defendant entered into an Asset Purchase and Sale Agreement (the "Agreement"). The Agreement contains an implied covenant of good faith and fair dealing, requiring Plaintiff/Counter-Defendant to act fairly and in good faith in the performance of its obligations under the Agreement.

9. Pursuant to the terms of the Agreement, Internet Brands purchased and acquired all rights, title and interest in the website flyertalk.com (the "Website") and its business.

10. At the time of closing, Internet Brands paid to Plaintiff the full guaranteed purchase price.

11. In addition, the Agreement provided for additional contingent payments for 2008 and 2009, if various benchmarks were achieved in good faith, and based on good faith achievement of various Website performance metrics.

12. On or about November 3, 2008, Plaintiff/Counter-Defendant engaged in acts intended to inflate improperly the contingent payments for 2008.

13. Internet Brands did not discover these acts prior to making payment to Plaintiff/Counter-Defendant for the 2008 contingent payment.

14. Similarly, on or about October 1, 2009, Plaintiff/Counter-Defendant engaged in acts intended to inflate improperly the contingent payments for 2009.

15. Internet Brands discovered these acts and immediately contacted Plaintiff/Counter-Defendant to attempt to discuss the artificial inflation with him, rather than resorting to a lawsuit.

16. Internet Brands requested on no fewer than three occasions that Plaintiff/Counter-Defendant discuss its actions, but Plaintiff/Counter-Defendant has failed and refused to do so.

17. Instead, Plaintiff/Counter-Defendant immediately retained counsel and instructed Internet Brands to deal with the Company's lawyers exclusively, rather

IDOCS:13379.4:1110487.1IDOCS:13379.13:1090352.2

3

INTERNET BRANDS, INC.'S FIRST AMENDED COUNTERCLAIM AGAINST RAN DECISIONS, INC.

than to engage in any discussion with Internet Brands outside of the legal process. Then, Plaintiff/Counter-Defendant simply filed this lawsuit without ever having sat down with Internet Brands to discuss these actions outside of the Court process.

18. The Agreement contains several confidentiality provisions, which require the parties to maintain the confidentiality of the terms thereof. It also contains an "attorney's fees clause", providing that the prevailing party in any litigation is entitled to recover its attorney's fees.

## FIRST AMENDED COUNTERCLAIM
### (For Breach of Contract – Good Faith and Fair Dealing)

19. Internet Brands restates, re-alleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

20. On or about February 6, 2007, Internet Brands and Counter-Defendant entered into the Agreement.

21. Internet Brands has performed each of its obligations under the Agreement except for those obligations from which Internet Brands was excused by from performing by Counter-Defendant.

22. Counter-Defendant had an obligation to refrain from actions intended to deprive another party to the Agreement of the benefit of the bargain, and to act fairly and in good faith in the performance of its obligations under the Agreement.

23. Counter-Defendant has breached the Agreement by engaging in actions intended to inflate artificially the contingent payments, in contravention of the Agreements' implied covenant of good faith and fair dealing.

24. As a direct and proximate result of Counter-Defendant's breach of the Agreement, Internet Brands has been damaged in an amount to be proved at trial but believed to be in excess of $1,000,000.

////

////

## SECOND AMENDED COUNTERCLAIM

### (For Breach of Contract-Breach of Confidentiality)

25. Internet Brands restates, re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

26. On or about February 6, 2007, Internet Brands and Counter-Defendant entered into the Agreement.

27. Internet Brands has performed each of its obligations under the Agreement except for those obligations from which Internet Brands was excused from performing by Counter-Defendant.

28. The Agreement entered into between the parties contained several confidentiality clauses that expressly made the terms of the Agreement confidential. The mutual covenants, contained in Article 5 of the Agreement, expressly prohibit disclosure of the terms of the Agreement in any manner or forum unless Internet Brands approves of the disclosure.

29. The Agreement also contains a confidentiality clause requiring the parties to keep confidential the specific terms of the Agreement and any information obtained by the relationship. Section 7.9 of the Agreement, previously filed, requires the parties to maintain the confidentiality of all information learned from or about the other party, including the terms of the Agreement, and permits disclosure only in certain, specified instances not applicable here.

30. Despite the express language of the Agreement, Counter-Defendant has made public specific sections of the Agreement by quoting terms of the Agreement in the Complaint on file herein, attaching a copy of the Agreement as an Exhibit to the Complaint, without filing it under seal and, Internet Brands is informed and believes, by discussing the terms of the Agreement on websites, including other websites owned by Counter-Defendant.

31. At no time did Internet Brands ever agree to waive any of the controlling confidentiality provisions of the Agreement, nor did Internet Brands ever

consent to allow confidential terms to be cited by Counter-Defendant in its Complaint or in any other public forum, or otherwise excuse the acts of Counter-Defendants.

32. Counter-Defendant's breach of the confidentiality provisions in the Agreement was not only contrary to the express terms of the Agreements but also contrary to the implied covenant of good faith and fair dealing.

33. As a direct and proximate result of Counter-Defendant's breach of the Agreement, Internet Brands has been damaged in an amount to be proved at trial but believed to be in excess of $1,000,000.

WHEREFORE, Internet Brands prays as follows:

### On Defendant's First Amended Counterclaim:

1. For compensatory damages for breach of contract according to proof;
2. For attorney's fees;
3. For costs of suit incurred herein;

### On Defendant's Second Amended Counterclaim

4. For compensatory damages for breach of contract according to proof;
5. For attorney's fees;
6. For costs of suit incurred herein;

### On All Amended Counterclaims

7. For such other and further relief as the Court may deem just and proper.

DATED: September 28, 2010          ERVIN COHEN & JESSUP LLP

By: _____
Patrick A. Fraioli
Attorneys for Defendant and Counter-Claimant Internet Brands, Inc.

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss:
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 9401 Wilshire Boulevard, Beverly Hills, California 90212-2974.

On September 28, 2010, I served the document described as **INTERNET BRANDS, INC.'S FIRST AMENDED COUNTERCLAIMS AGAINST RAN DECISIONS, INC. [DEMAND FOR JURY TRIAL]** on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[ ]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    Eric R. Maier, Esq.
    Louis E. Shoch, Esq.
    MAIER SHOCH LLP
    1001 Hermosa Avenue, Suite 206
    Hermosa Beach, CA 90254
    Telephone: 310.200.9065/Facsimile: 310.634.0361
    emaier@maiershoch.com

[X]   BY NEXT-DAY DELIVERY: Via Overnite Express. I am readily familiar with my employer's practice for the collection and processing of correspondence via Overnite Express. In the ordinary course of business, this correspondence would be picked up by Overnite Express on that same day.

[ ]   BY EMAIL: I caused such document to be sent via email to the names and facsimile numbers listed above and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on September 28, 2010 at Beverly Hills, California.

                                                           */s/ Elaine Cook*
                                                           Elaine Cook

IDOCS:13379.13:1111011.1